# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RODNEY OOTEN, SR. o/b/o RODNEY OOTEN, JR (as legal guardian and natural father) and RODNEY OOTEN, JR., | ) ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) |
| v. | ) |
| | ) |
| FULTON COUNTY and FULTON COUNTY SHERIFF'S DEPARTMENT and/or FULTON COUNTY POLICE DEPARTMENT and SERGEANT COREY HENRY, individually and in his official capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

**COME NOW**, Plaintiffs Rodney B. Ooten, Sr. and Rodney B. Ooten, Jr. (hereinafter "Plaintiffs," "Plaintiff," or "Mr. Ooten"), by and through undersigned counsel, bring this action against Fulton County, Georgia, Fulton County Sheriff's and/or Police Department (hereinafter, "Fulton County"), and Sergeant Corey Henry (hereinafter "Sgt. Henry" or "Defendant Henry") (collectively "Defendants"), and allege as follows:

1

# INTRODUCTION

(1)

This is a civil action asserting claims under Federal law arising from the unreasonable and excessive force used against Plaintiff. Plaintiff also asserts pendant state claims. Plaintiff demands a jury trial and seeks an award of all economic, compensatory and punitive damages, as well as an award of attorneys' fees and costs pursuant to 42 U.S.C § 1988.

# JURISDICTION AND VENUE

(2)

This court has jurisdiction and venue over all causes of actions set forth in this Complaint based on 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

(3)

Plaintiff shows that Fulton County was properly and timely served with Ante-Litem Notice. (Exhibit 1).

(4)

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b), because all actions complained of occurred within the boundaries of this judicial district, all parties have their primary place of business within this district and reside in this district.

## **THE PARTIES**

(5)

Plaintiff is a citizen of the State of Georgia and resides in the Northern District.

(6)

Defendant Fulton County is a duly organized and existing governmental entity under the laws of the State of Georgia with the capacity to sue and be sued and operates the Fulton County Police and Sheriff's Department that employs Sgt. Henry.

(7)

As fully set forth herein, Mr. Ooten alleges that Fulton County is liable for the injuries he suffered as a result of illegal actions of the government and individual Defendants' policies and customs established by officials within the Fulton County Police and Sheriff's Department with final policy making authority on behalf of Fulton County – the same of which were the moving force behind the constitutional violations alleged herein.

(8)

Sgt. Henry was an employee and/or agent of the Fulton County Police and/or Sheriff's Department at the time of the events described in this complaint. Sgt. Henry

is sued in his individual and official capacity. At all times pertinent to this action, Sgt. Henry was acting under color of state law.

## FACTS GIVING RISE TO PLAINTIFFS' COMPLAINT

(9)

On January 18, 2017, officers of the Fulton County Police and Sheriff's Department responded to a robbery at a Wells Fargo bank, located at 1120 Fairburn Road.

(10)

The officers were assisting in the search and pursuit of several suspects involved with the robbery. They were advised that the suspects were headed in the direction of the wood line and traveling east bound towards Mays Crossing.

(11)

Officers began clearing the area so their K-9 unit could be deployed and begin tracking.

(12)

As Sgt. Henry handled the K-9 unit, it began to bark and pull Sgt. Henry into the wood line.

(13)

Mr. Ooten a juvenile, was lawfully in the area and had not committed any crimes.

(14)

Sgt. Henry and other Fulton County law enforcement targeted the Plaintiff even though Plaintiff had nothing to do with the robbery and as a juvenile did not match the description of the robbers.

(15)

On or about January—18, 2017 at a proximately 12 p.m., Plaintiff was stopped by Fulton County law enforcement (the Defendants) near 3695 Cascade Road SW, Atlanta GA 30331.   Sgt. Henry without adequate notice or any opportunity for compliance deployed the K-9 who charged and attacked Mr. Ooten.

(16)

Mr. Ooten suffered multiple bite wounds to his left leg and was transferred by EMS to Grady hospital where he received treatment for his injuries. (*See* Exhibit 2 of Exhibit 1 attached hereto).

(17)

At no point was Mr. Otten involved with the suspects that the Defendants were in pursuit of, and at no point did the Plaintiff threaten or resist or obstruct Defendant Henry or the K-9.

(18)

Plaintiffs incorporate by reference as if set forth fully herein all of Exhibit 1 attached hereto.

## COUNT I: FOURTH AMENDMENT 42 U.S.C. § 1983 (FALSE ARREST)

(19)

Plaintiffs re-allege paragraphs 1 through 18 as fully set forth herein.

(20)

At all times relevant to this action, Henry was acting under color of state law and within the scope of his employment as an officer of Fulton County.

(21)

Based under his prior experience, knowledge and training as a law enforcement officer, Sgt. Henry knew that no arguable probable cause, much less probable cause existed to cause the K-9 to attack and bite Mr. Ooten on January 18, 2017.

(22)

At all times relevant to this action, the law was established with obvious clarity that Sgt. Henry's actions as fully set forth herein violated Mr. Ootens's Fourth and Eighth Amendment rights under the United States Constitution.

(23)

As a direct and proximate cause of Henry's unlawful actions Mr. Ooten was seized and detained against his will and thereby suffered a loss of liberty in violation of his rights under the Fourth Amendment to the United States Constitution, entitling

him to an award of actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

(24)

The actions of the individual Defendants described herein were willful, deliberate, and malicious, thereby entitling Mr. Ooten to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983 (FULTON COUNTY---POLICY "MOVING FORCE" FOR CONSTITUTIONAL DEPRIVATIONS)

(25)

Plaintiffs reallege paragraphs 1 through 24 as fully set forth herein.

(26)

Fulton County, its employees and agents, acting within their authority and under color of state law, instituted and followed policy, procedures and/or customs which directly resulted in the unlawful seizure (manner and scope) and use of excessive force against Mr. Ooten under 42 U.S.C. § 1983 as a violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

(27)

Fulton County has a systemwide practice and custom of the following:

a) A policy of unreasonable dog seizures during detention of suspects, including the manner and scope of the detention;

b) A policy of failing to investigate the facts as known to the officers in order to determine if there is probable cause to turn a dog loose on a juvenile;

c) A policy of arresting suspects without probable cause;

d) A policy of detaining suspects without reasonable suspicion;

e) A policy of instituting "cover charges" to insulate the County from liability for improper police use of force; and

f) A policy of failing to ensure the security of a detained or targeted suspect.

At the time Plaintiff was apprehended and attacked by a canine under the direction, supervision and control of the individual Defendants, Fulton County did not have a written specific or valid policy as to use of canines to apprehend subjects and allowed individual officers to develop and utilize discretionary use policies on the scene which were ratified and adopted by Fulton County. (Exhibit 2).

(28)

Each of these policies have been the moving force and had the causal effect of violating the Constitution and leading to Plaintiff's injuries.

(29)

Additionally, by failing to discipline Defendants for their use of excessive force and commencing a false arrest and excessive force against Mr. Ooten, Fulton County ratified the officer's decisions and their reasons for those decisions, which has become a policy, custom or practice.

(30)

As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants, Mr. Ooten suffered physical injuries, permanent injury, monetary loss, and severe emotional and psychological distress.

(31)

The actions or inactions alleged above were undertaken, or failed to be undertaken, because of the Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff to be free from an unreasonable detention, the use of excessive force, and false arrest as guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## **COUNT III: FALSE IMPRISONMENT**

(32)

PLAINTIFF realleges paragraphs 1 through 31 fully set forth herein.

(33)

As a result of the actions of the Defendant, Plaintiff was falsely imprisoned and unlawfully detained for a period of time during which he was deprived of his personal liberty.

(34)

Plaintiff was arrested without probable cause or a valid arrest warrant.

(35)

To the extent that the conduct of Sgt. Henry was negligent or careless, Fulton County is liable for his conduct, as he was acting within the line and scope of his employment with Fulton County.

(36)

As a result of the conduct of Sgt. Henry, Mr. Ooten has suffered physical and emotional injuries and damages, and embarrassment.

### COUNT IV: VIOLATION OF 42 U.S.C. § 1983 EXCESSIVE FORCE

(37)

Plaintiffs reallege paragraphs 1 through 36 as fully set forth herein.

(38)

Defendants, in their individual capacities, engaged in conduct that deprived Mr. Ooten of his right to be free from excessive force and was objectively unreasonable by inflicting unjustified and excessive force, which was the moving force that caused his injuries and is actionable under 42 U.S.C. § 1983 as a violation of the Fourth, Eighth and Fourteenth Amendments.

(39)

As a direct and proximate result of the willful and deliberate actions or inactions of Henry, Mr. Ooten has suffered grievously and with great physical injuries, mental suffering, and humiliation.

(40)

While acting "under color of state law," Sgt. Henry falsely and excessively detained Mr. Ooten, and then used excessive force by inflicting severe injuries to his person resulting in hospitalization and subsequent treatment, resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, disfigurement and expense of hospitalization, medical care and treatment.

## **COUNT V: NEGLIGENCE**

(41)

Plaintiff realleges paragraphs 1 through 40 as fully set forth herein.

(42)

Defendants owe a duty to Plaintiff not to use excessive force in the process of detaining him.

(43)

That duty was breached by the negligent acts and omissions of Fulton County, its agents and employees, constituting negligence.

(44)

The negligent acts or omissions of Fulton County, its officers and employees, were the direct and proximate cause of Plaintiff's injuries, pain and suffering, and emotional distress.

(45)

As a direct and proximate result of the willful and deliberate actions or inactions of Defendants, Plaintiff has suffered grievously, has been brought into physical injury, mental suffering and public humiliation.

(46)

Furthermore, Plaintiff has suffered hospitalization, suffered bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, disability, disfigurement and expense of hospitalization, medical care and treatment.

## **COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(47)

Plaintiffs re-allege paragraphs 1 through 46 as fully set forth herein.

(48)

Using excessive force by ordering a dog to bite viciously in detaining a juvenile citizen is behavior outside that tolerated by the norms of a civilized society, and the malicious and violent arrest in this case directly caused extreme emotional harm to Mr. Ooten.

(49)

Subjecting an individual to a violent and egregious detention is behavior outside that tolerated by the norms of a civilized society, and the violent seizure of Mr. Ooten in this case directly caused him extreme emotional distress.

(50)

Detaining an individual without providing the most basic humane accommodations is behavior outside that tolerated by the norms of a civilized society, and the unlawful detention in this case was a direct cause of extreme emotional distress inflicted upon Mr. Ooten.

(51)

As a result of Henry's extreme and outrageous behavior, Mr. Ooten has suffered mental anguish, embarrassment, and total humiliation

## **COUNT VII: NELIGENT TRAINING**

(52)

Plaintiffs re-allege paragraphs I through 51 as fully set forth herein.

(53)

At all times, Sgt. Henry was under the direction, supervision, and control of Defendant Fulton County.

(54)

Defendant Fulton County either directly or through its agents, negligently trained its police officers when defendant Fulton County should have known that its failure to properly train Sgt. Henry could pose a threat of harm to its citizens.

(55)

Despite this knowledge, Fulton County either directly or through its agents, failed to exercise reasonable care in training its police officers in improper use of force and excessive forces in the process of arrests.

(56)

As a direct and proximate cause of the acts described above, Mr. Ooten has suffered from physical injuries, mental anguish, loss of earnings, loss of capacity for enjoyment of life, disfigurement and scarring and the expenses of hospitalization, medical care and treatment.

## **COUNT VIII: NEGLIGENT SUPERVISION**

(57)

Plaintiffs re-allege paragraphs 1 through 56 as fully set forth herein.

(58)

At all times, Sgt. Henry was under the direction, supervision, and control of Defendant Fulton County, either directly or through its agents.

(59)

At all times, Defendant Fulton County either directly or through its agents negligently supervised Sgt. Henry, when Fulton County knew or should have known that failure to appropriately monitor police officers could result in excessive force being utilized against citizens in the process of an arrest.

(60)

Despite this knowledge, Fulton County failed to exercise reasonable care in supervising its police officers during the course of the above listed event.

(61)

As a direct and proximate cause of the acts above, Mr. Ooten has suffered hospitalization, bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, disability, disfigurement and expenses incurred from hospitalization, medical care, and continued treatment.

WHEREFORE, Plaintiff respectfully prays:

a) That special damages be awarded to compensate for his economic injuries as a consequence of the Defendants' violations of his rights in an amount to be determined by the enlightened conscious of the jury;

b) That compensatory damages be awarded against each of the Defendants individually to compensate Plaintiff for his pain and suffering, mental and

emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of Defendants' actions in an amount to be determined by the enlightened conscious of the jury;

c) That punitive damages be awarded against the individual Defendants only in an amount to be determined by the enlightened conscious of the jury to deter them and others from similar misconduct in the future;

d) That a trial by jury be had on all issues wherein a jury trial is permitted under law;

e) That Attorney's fees and expenses of litigation be awarded as authorized under 42 U.S.C. § 1988;

f) That prejudgment interest be awarded; and,

g) That the Court award such other relief as the Court deems just and proper.

Respectfully submitted this 11th day of January 2019.

|  |  |
|---|---|
|  | **/s/ Dwight L. Thomas** |
| 2296 Henderson Mill Road, Ste. 407 | Dwight L. Thomas |
| Atlanta, GA 30345 | Attorney for Plaintiffs |
| (404) 522-1400 | Georgia Bar No. 704825 |
|  |  |
|  | **/s/ Taylor Leftwich** |
| 2296 Henderson Mill Road, Ste. 407 | Taylor Leftwich |
| Atlanta, GA 30345 | Attorney for Plaintiffs |
| (404) 522-1400 | Georgia Bar No. 361588 |